## Commonwealth v. Charters

*Roger B. Reynolds*, for Commonwealth.
*Rudolph W. DeStefano*, for defendant.

DANNEHOWER, J., May 26, 1947.—Defendant was convicted by a jury of an assault and battery upon John J. Jellison, a police officer of Springfield Township, Montgomery County, Pa., on April 7, 1946, at two o'clock a.m. in the Oreland Fire Company Building.

He has filed a motion for a new trial, alleging that the verdict was against the weight of the evidence, and that the trial judge erred in refusing to permit defendant to show that Chief of Police Andrew J. White, and the township commissioners desired the conviction of defendant so that he would be disqualified from being reinstated as a township police officer.

The Commonwealth proved the assault and battery by the testimony of Police Officer John Jellison, the prosecutor, and his fellow officer, Glenn Kough. They had been directed by the chief of police to call at the fire company to check up on the closing time of the bar, as complaints had been made. Defendant, his wife, and brother, and the bartender, defendant's brother-in-law, came up from the bar to the first floor, and defendant, a former police officer, said, "Throw them out, they have no business here". An argument ensued, and according to both police officers, who were in uniform, defendant said: "I'll take care of that guy". He grabbed Jellison's eye-glasses with one hand, and punched him in the right eye with the other. Jellison in falling, hit Charters with his jack and both men fell on the floor. Jellison suffered a hemorrhage of the right eye, requiring medical attention. The officers reported this matter to the chief of police, then returned to the fire house to arrest defendant, but he and his party had left.

Defendant, his wife and brother denied that Charters had struck Jellison, but testified that defendant's brother had argued with Jellison, who in trying to hit him, struck defendant, the peacemaker.

It was not denied that Officer Jellison received a badly injured eye, and the jury evidently believed Officers Jellison and Kough, and did not believe the testimony of defendant, his wife and brother. This conflict of testimony was purely one of fact and credibility for the jury, and is not against the weight of the evidence, especially since defendant could not be found for three or four days later and was then surrendered by his attorney.

Defendant offered to prove that defendant, who was a former member of the police force and entered the military service, had applied for reinstatement, and the chief of police and township commissioners opposed it; that after the arrest, defendant had filed a

mandamus proceeding to compel his reinstatement; that the chief and commissioners desired his conviction so as to disqualify him; and that the township solicitor had suggested that if Charters would relinquish his right to be reinstated as a police officer and withdraw his cross action in assault and battery against Jellison for hitting him with a jack, that Jellison would withdraw the present prosecution for assault and battery.

These offers raise the following question: May defendant introduce evidence to prove that the commissioners and chief of police desire the conviction of defendant to disqualify him from reinstatement as a township police officer, although neither were the prosecutors or witnesses as to the commission of the offense, when the prosecutor, Jellison, on cross-examination testified that he did not bring the charges to prevent defendant's reinstatement, but solely because he had been assaulted and received an injured eye, when he was a police officer on duty and in uniform?

Certainly such testimony would not be material or relevant and would raise collateral issues as to defendant's right to be reinstated. Such a question is one for decision in the mandamus proceeding, and in the face of Jellison's testimony, does not show or reflect the motive for the prosecution. Surely, what the commissioners or chief of police thought or desired, or what the township solicitor said with reference to settlement, was not relevant or material to the issue.

Defendant was convicted by a jury after a rather long and fair trial, and the verdict is not against the weight of the evidence, nor was there any error requiring a new trial.

And now, May 26, 1947, for the foregoing reasons, defendant's motion for a new trial is overruled and refused, and defendant is directed to appear on Friday, June 6, 1947, at 10 o'clock a.m., in Courtroom C for sentence.